**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS GLENN; PATSY McKINNEY, | No. 13-35764 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-00402-MO |
| v. | |
| CITY OF PORTLAND, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Thomas Glenn and Patsy McKinney ("Appellants") appeal pro se from the

district court's judgment in favor of the City of Portland following a jury trial in

their 42 U.S.C. § 1983 action alleging constitutional and state law claims relating

to the police's warrantless entry into their home.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review for an abuse of discretion challenges for cause, *Hard v. Burlington N. R. Co.*, 870 F.2d 1454, 1460 (9th Cir. 1989), and for manifest error a trial court's findings of juror impartiality, *Skilling v. United States*, 561 U.S. 358, 396 (2010).  We affirm.

The district court did not abuse its discretion in denying Appellants' request to excuse Juror No. 6 for cause.  Although Juror No. 6 had a friend in law enforcement, he "confirmed his ability to judge the case fairly."  *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1220 (9th Cir. 1997) (a party "can only succeed on a challenge for cause by showing that [a juror] was actually biased"); *cf. Tinsley v. Borg*, 895 F.2d 520, 529 (9th Cir. 1990) (jurors are not presumed to be biased solely because they are in law enforcement).  Further, any error was harmless because Juror No. 6 did not sit on the jury.

The district court did not clearly err by denying Appellants' challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986) to Juror No. 2 because the City proffered a race-neutral reason for its peremptory challenge and Appellants failed to show purposeful discrimination.  *See SmithKline Beecham Corp. v. Abbott Labs.*, 740 F.3d 471, 476 (9th Cir. 2014) (setting forth three-part test under *Batson*); *Johnson v. Campbell*, 92 F.3d 951, 953 (9th Cir. 1996) (standard of review).  Moreover, the City was entitled to use its peremptory challenges to remove any jurors who had

witnessed excessive force by the police. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 966 (9th Cir. 2013) (a party is entitled to peremptory challenges unless they are exercised in a manner violative of *Batson*).

We reject Glenn's contention that he was coerced into dropping his battery claim.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**